IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In the Matter of the Search of
2124 Altura Verde Ln. NE,                                              MR 17-0186 JHR
Albuquerque, NM 87110,

# **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on David Wellington's Motion for Return of Property Seized Under Warrant (*Doc. 6*), filed on April 18, 2017. For the reasons that follow, the Court concludes that it lacks jurisdiction to consider Wellington's Motion, and so denies it without prejudice.

This case arises from the search of Wellington's home, located at 2124 Altura Verde Lane, Albuquerque, NM, pursuant to a warrant issued by United States Magistrate Judge William P. Lynch on March 10, 2017. *See Doc. 2*. The affidavit in support of the warrant remains under seal. *See Doc. 5*. However, in its response to Wellington's Motion the government alleges that Wellington and his business partner "are involved in a conspiracy to defraud the United States by impeding the IRS's function of seeing that income is reported and taxes are paid, and to assist others in committing tax evasion." *Doc. 10* at 2. Apparently, after reviewing the affidavit Judge Lynch found probable cause to issue the warrant "for the evidence, fruits and instrumentalities of crimes relating to violations of 26 U.S.C. § 7201 (Attempt to Evade Taxes)[1] and 18 U.S.C. § 371 (Conspiracy).[2]"

---

[1] "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution." 26 U.S.C. § 7201.

[2] "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both. If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the

The warrant was executed on the morning of March 14, 2017. *See Doc. 6* at 4. However, presently, no criminal action is pending against Wellington. As such, Wellington brings this Motion in equity in the same case as the warrant was filed for return of the property seized under it. *See generally Doc. 6*. In response, the Government argues the merits of Wellington's Motion. *Doc. 10* at 3-4. However, neither party broaches the topic of whether *this* Court, or a magistrate judge in general, has jurisdiction to entertain Wellington's Motion. In reviewing the merits, however, the Court has come to the conclusion that it lacks jurisdiction to consider Wellington's Motion. As such, the Motion will be denied without prejudice.

Under Federal Rule of Criminal Procedure 41(g):

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g). "Because a pre-indictment motion under Rule 41(e) invokes the equitable jurisdiction of the court, it is technically not a proceeding in a criminal case." *Matter of Search of Premises Known as 6455 S. Yosemite, Englewood, Colo.*, 897 F.2d 1549, 1553 (10th Cir. 1990). Rather, "entertaining a preindictment Rule 41[(g)] motion is an exercise of equitable jurisdiction which should be undertaken with 'caution and restraint.'" *Matter of Search of Kitty's East*, 905 F.2d 1367, 1370 (10th Cir. 1990) (quoting *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1998).

The authority of a United States magistrate judge is limited by statute. *See* 28 U.S.C. § 636. Under subsection (c)(1) thereof the parties may consent to a magistrate judge exercising

---

punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor." 18 U.S.C. § 371.

jurisdiction over a civil case, "when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1); *see also* Fed. R. Civ. P. 73(a). No such designation has taken place in this case, nor have the parties consented to the undersigned conducting these proceedings. *Compare Roell v. Withrow*, 538 U.S. 580, 590 (2003) (permitting an inference of implied consent only where a litigant was made aware of the need for consent and the right to refuse it). Of course, the parties might be said to have consented to the undersigned by virtue of briefing the merits of Wellington's Motion, but the mere absence of an objection does not imply consent. *In re Search of Scranton Hous. Auth.*, 487 F. Supp. 2d 530, 536 (M.D. Pa. 2007) (holding that a parties' failure to expressly object to the magistrate judge's exercise of jurisdiction did not constitute consent). In the absence of the parties' consent, the Court is without jurisdiction to consider Wellington's Motion.

Moreover, even *if* the parties' implied consent were valid, various courts who have analyze the issue have concluded that ruling on a Rule 41(g) motion is beyond the scope of a magistrate judge's consent authority under Section 636(c)(1), instead concluding that the same are better resolved by proposed findings and recommended disposition as contemplated by Section 636(b)(1)(B). *See, e.g. Stuart v. Rech*, 603 F.3d 409, 411 (7th Cir. 2010) (discussing the limits on a magistrate judge's authority under Section 636(b) and opining in dicta that a motion under Rule 41(g) should be handled by a report and recommendation); *United States v. Douleh*, 220 F.R.D. 391, 395 (W.D.N.Y. 2003) (analyzing the issue and concluding that a Report and Recommendation was the proper vehicle by which to resolve Rule 41(g) Motions); *King v. U.S. Drug Enf't Agency*, 2011 WL 3652257, at *3 (N.D.N.Y. Aug. 18, 2011) (discussing the "precautionary measure," of converting a magistrate judge's Memorandum Opinion and Order into a Report and Recommendation).

The instant Motion was filed in the case created to store the search warrant issued by Judge Lynch and related materials. As such, no district judge is assigned to the case who could review and act upon a magistrate judge's recommendation.

As such, the Court concludes that this matter must be dismissed without prejudice to Wellington re-filing it as a separate civil action. *See In re Search of Scranton Hous. Auth.*, 487 F. Supp. 2d 530, 533 (M.D. Pa. 2007) (recharacterizing a Motion for the return of property into a *Bivens* action). Alternatively, the Court notes that Wellington is currently suing the agents he alleges are responsible for the search in a separate *Bivens* action. *See Wellington v. Daza et al.*, 17-cv-0732 KK/LF. To the extent that the rules permit him to do so, *see* Fed. R. Civ. P. 15(a)(1), Wellington may amend his Complaint in that case to state the claim brought here.

As a final matter, in its response brief the government asserts that it "has pledged to provide copies of the items seized." *Doc. 10* at 4 (asserting that, "[o]nce this is accomplished, it will be Movant's burden to prove that his lack of access to original documents causes him irreparable injury."). Nothing in this Order should be construed as preventing the government from providing Wellington copies of the seized items, as it indicates it will do.

IT IS SO ORDERED.

_____
HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE